# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division



JOYCE WILLIAMS,

**Plaintiff,**

v.  No. 2:09cv60

MICHAEL J. ASTRUE,
**Commissioner of Social Security,**

**Defendant.**

## OPINION & ORDER

Joyce Williams ("Plaintiff" or "Claimant") brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") August 23, 2007 decision denying Plaintiff's claim for disability insurance benefits ("DIB"). See Doc. 1.

Plaintiff moved for summary judgment on May 27, 2009. Doc. 13. Defendant moved for summary judgment on June 26, 2009. Doc. 15. The motions and attendant pleadings were referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Doc. 8. The Magistrate Judge issued a Report and Recommendation on November 23, 2009. Doc. 18. Plaintiff filed a timely objection to the Report and Recommendation on December 3, 2009. Doc. 19. Defendant filed a response to Plaintiff's objection on December 14, 2009. Doc 20. The matter is therefore mature for the Court's review.

However, inasmuch as Plaintiff's objection is merely a general objection to the entirety of the Magistrate Judge's Report and Recommendation, Plaintiff is not entitled to this Court's de

novo review. Having found no clear error on the face of the record, the Court thus adopts the Magistrate Judge's recommendations and hereby **DENIES** Plaintiff's Motion for Summary Judgment (Doc. 13) and **GRANTS** Defendant's Motion for Summary Judgment (Doc. 15).

### I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND[1]

Plaintiff filed an application with the Social Security Administration to establish a period of disability and an award of disability insurance benefits ("DIB") on December 21, 2005. In her application, Plaintiff alleged that she became disabled on March 1, 2005 because of breast cancer, degenerative disk disease, neuropathy, headaches, carpal tunnel syndrome, hypertension, gastroesophageal reflux disease, anemia, pain, depression, anxiety, and cardiovascular disease. R. at 95-99, 156, 162.

Plaintiff's applications were denied initially and upon reconsideration. Plaintiff subsequently filed a request for a hearing before an administrative law judge ("ALJ"), and such a hearing was conducted on June 25, 2007. At this hearing, Plaintiff was represented by counsel and testified.

On August 23, 2007, the ALJ denied Plaintiff's claim for DIB. R. at 18-34. On September 7, 2007, Plaintiff filed a request for review of the ALJ's decision by the Appeals Council of the Office of Disability Adjudication & Review of the Social Security Administration ("Appeals Council"). R. at 16-17. The Appeals Council, however, denied plaintiff's request on December 4, 2008, thereby rendering the decision of the ALJ the final decision of the

---

[1] This section does not constitute the complete procedural and factual history, but only those proceedings and facts relevant to the present objections. The Court accepts, as facts, the procedural history and factual background set forth by the Magistrate Judge in his Report and Recommendation, insofar as they are not objected to by Plaintiff. See 28 U.S.C.A. § 636(b)(1); Owens ex rel. Metcalf v. Barnhart, 444 F. Supp. 2d 485, 488 (D.S.C. 2006).

Commissioner. R. at 1-5.

Plaintiff filed the present action on February 6, 2009, seeking judicial review of the final decision of the Commissioner. Doc. 1. The case was referred to the Magistrate Judge for the purpose of preparing a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Local Rule 72. Doc. 8. Plaintiff filed her motion for summary judgment and a memorandum in support thereof on May 27, 2009. Docs. 13-14. In her motion, Plaintiff prayed that the Court reverse the decision of the ALJ or, in the alternative, vacate the decision and remand the case for further proceedings. Doc. 14 at 24. Defendant then filed a motion for summary judgment and a memorandum in support thereof on June 26, 2009, requesting that the Court affirm the decision of the ALJ. Docs. 15-16. On July 6, 2009, Plaintiff filed a response in support of her motion for summary judgment. Doc. 17.

On November 23, 2009, the Magistrate Judge recommended that Plaintiff's motion for summary judgment be denied and that Defendant's motion for summary judgment be granted. Doc. 18 at 30. Plaintiff filed a timely objection on December 3, 2009. Doc. 19. Defendant filed a response to Plaintiff's objection on December 14, 2009. Doc 20.

## II. STANDARD OF REVIEW

### A. Review of the Commissioner's Final Decision

The role of the Court in the administrative scheme established by the Social Security Act (the "Act") is a limited one. The Court's review is restricted to a determination concerning whether there is substantial evidence to support the ALJ's conclusion that the plaintiff failed to meet the conditions for entitlement pursuant to the Act. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir.1996). "Substantial evidence" is "more than a mere scintilla" of evidence, but only such

evidence "as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

In reviewing for substantial evidence, the Court does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Craig, 76 F.3d at 589. Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether the claimant is disabled, the responsibility for that decision falls on the Commissioner (or the [Commissioner's] designate, the ALJ)." Craig, 76 F.3d at 589. The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. Richardson, 402 U.S. at 401. If substantial evidence exists for the ALJ's findings, and those findings were reached through application of the correct legal standard, the conclusion must be affirmed. Craig, 76 F.3d at 589; Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

### B. Review of the Report and Recommendation

The court reviews de novo any portion of the Magistrate Judge's report and recommendation to which specific written objection has been made. FED. R. CIV. P. 72(b); see also 28 U.S.C.A. § 636(b)(1). Any part of the Magistrate Judge's disposition that has not been properly objected to is reviewed for, at most, clear error. See FED. R. CIV. P. 72 advisory committee's note (noting that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

## III. ANALYSIS

The document filed by Plaintiff's counsel captioned "Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge" is, in actuality, practically a verbatim copy of the argument section of Plaintiff's previously-filed summary judgment brief. Compare Doc. 14 with Doc. 19. Plaintiff has essentially reformatted her summary judgment brief and reiterated the prior arguments contained therein with a few inconsequential revisions. Plaintiff only makes scarce references to the Report and Recommendation and does not clearly indicate the specific portions to which she objects.[2] Moreover, to the extent Plaintiff offers objections, they are general objections to the entirety of the Report and Recommendation.

In order to obtain a de novo determination of a magistrate judge's findings, the objecting party must file "*specific* written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2) (emphasis added). The district court can then "make a de novo determination of *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." 28 U.S.C. § 636(b)(1)(C) (emphasis added).

The Fourth Circuit has indicated that a general objection, such as the one offered by Plaintiff in this case, thus fails to satisfy the requirements of Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1)(C). See United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (holding that "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a

---

[2] The majority of the references to the Magistrate Judge's Report and Recommendation are simply one-sentence assertions that the Magistrate Judge agreed with the ALJ's findings. See, e.g., Doc. 19 at 10, 13. These references are surrounded, however, by unmodified text lifted from the prior summary judgment brief. See id.

magistrate judge's report be specific and particularized . . . ."); Page v. Lee, 337 F.3d 411, 417 n.3 (4th Cir. 2003) (noting that a "petitioner's failure to object to the magistrate judge's recommendation with the specificity required by [Federal Rule of Civil Procedure 72(b)] is, standing alone, a sufficient basis upon which to affirm the judgment of the district court" on appeal). Accordingly, "a general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008) (citations omitted). Where a party files a general objection, the court thus only needs to satisfy itself that there is no clear error on the face of the record. See FED. R. CIV. P. 72 advisory committee's note (noting that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

It is evident in this case that Plaintiff, unsatisfied by the findings and recommendations contained within the Magistrate Judge's report, attempted to seek re-argument and reconsideration of her entire case under the guise of "objections." Plaintiff has failed, however, to object with specificity. The issues that Plaintiff raises in her general objections, moreover, have already been addressed by the Magistrate Judge when they were before him in Plaintiff's summary judgment brief. The Court is wary of granting Plaintiff a second bite at the apple under such circumstances inasmuch as "[a]llowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection makes the initial reference to the magistrate judge useless." Veney, 539 F. Supp. 2d at 846 (citation omitted). Indeed, the Fourth Circuit has explained,

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate

judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Midgette, 478 F.3d at 622. For this reason, in an effort to conserve judicial resources and avert duplication of tasks, the Court will not grant Plaintiff an opportunity to re-argue every issue that was before the Magistrate Judge.

Inasmuch as Plaintiff's objection was, at most, a general objection, no portion of the Magistrate Judge's Report and Recommendation is subject to de novo review. See Veney, 539 F. Supp. 2d at 846 (reaching this same conclusion on similar facts). The Court therefore reviews the Magistrate Judge's Report and the face of the record for clear error and **FINDS** that there has been no such error.

## IV. CONCLUSION

Therefore, having reviewed the Magistrate Judge's Report and the face of the record for clear error, and finding none, the Court adopts the Magistrate Judge's recommendations. Accordingly, the Court **DENIES** Plaintiff's Motion for Summary Judgment (Doc. 13), and **GRANTS** Defendant's Motion for Summary Judgment (Doc. 15).

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 2, 2010